

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*George L. Brandley*  
*Assistant United States Attorney*

*970 Broad Street, 7th Floor*  
*Newark, New Jersey 07102*  
*(973) 645-2700*

GLB/LTR  
2018R01264

November 26, 2024

Honorable Brian R. Martinotti  
United States District Judge  
Frank Lautenberg Post Office  
     & U.S. Courthouse  
2 Federal Square  
Newark, NJ 07102

      Re:   *United States v. Matthew Ellis, et al*,  
             Crim. No. 19-693

Dear Judge Martinotti:

     Trial in this matter is scheduled for February 3, 2025. The Government submits this letter brief in response to Defendant Matthew Ellis's memorandum of law regarding pretrial expert witness disclosures. *See* Dkt. No. 243 ("Def.'s Mem."). Specifically, the Defendant requests "that neither party be obligated to disclose any expert witness it intends to call at trial in its case-in-chief." *Id.* at 4. Rule 16 does not require pretrial disclosure of expert witnesses. But this Court can and should exercise its inherent authority to set a pretrial schedule that ensures an efficient trial and mitigates the risk of unnecessary—and foreseeable—delays in the middle of trial.

     As an initial matter, the Government is fully prepared to provide the Defendant with Rule 16 expert disclosures over 45 days in advance of trial. The Defendant, however, refuses to provide any expert disclosures before trial—he instead seeks to reveal any proposed defense experts in the middle of trial without providing any reason for such a delayed disclosure. This approach may unfairly prejudice the Government at trial and this Court should reject it. The Defendant is correct that Rule 16 does not *obligate* him to disclose an expert summary. But, as set forth below, Rule 16 does not limit the Court's inherent authority to regulate discovery and order the Defendant to disclose the identity of any expert that he intends to call at trial and provide a summary of the reasons and bases for any opinions that the expert intends to provide.

This Court has clear authority to order the Defendant to provide pretrial expert disclosures. It is a "well-settled principle that a district court has broad discretion to manage its own calendar." *United States v. Batiste,* 868 F.2d 1089, 1091 (9th Cir.1989). Indeed, the Third Circuit has noted that a trial judge "must be given wide latitude in arranging the court's schedule." *United States v. Rankin*, 779 F.2d 956, 960 (3d Cir. 1986); *see also United States v. Beckford*, 962 F. Supp. 748, 754 (E.D. Va. 1997) (holding that "numerous courts . . . have recognized that the discovery provisions in Rule[] . . . 16(b) are not exclusive and do not supplant a district court's inherent authority to order discovery outside the rules"); *United States v. Fletcher,* 74 F.3d 49, 54 (4th Cir.1996) (district court had authority to require defendant to produce witness list prior to trial); *United States v. Jackson,* 508 F.2d 1001, 1007 (7th Cir.1975) (finding no abuse of discretion in court's order for mutual disclosure of witnesses); *United States v. Bender,* 331 F. Supp. 1074, 1075 (C.D.Cal.1971) ("It has long been held that the Federal Courts possess inherent authority to order discovery and inspection."). The Federal Rules also recognize that this Court "may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b).

Indeed, contrary to the Defendant's position, several courts have held that Rule 16 does *not* prohibit a court from ordering defendants to provide reciprocal discovery—including expert disclosures—even if Rule 16 does not mandate such discovery. *See, e.g., United States v. Schwier*, 2021 WL 2785323, at *2 (D. Alaska July 2, 2021) ("Although Rule 16 does not obligate the defense to disclose an expert summary in light of the current discovery posture, the Court elects to exercise its inherent authority to regulate discovery and to minimize unjustifiable delay during trial"); *United States v. Catalan Roman,* 376 F. Supp. 2d 108, 114-15 (D.P.R. 2005) (rejecting defendants' argument they did not invoke Rule 16's "reciprocal mechanisms" because "[r]egardless of whether Rule 16 is inapplicable on its own terms or because defendants never triggered it, it is well-settled that district courts have inherent power to make and enforce reasonable rules of procedure, including disclosure rules"); *United States v. Edelin*, 134 F. Supp. 2d 45, 48 (D.D.C. 2001) ("Although the defendant argues that discovery outside the Federal Rules of Criminal Procedure should not be permitted, courts in the District of Columbia have recognized that Rules 12.2 and 16(b) do not necessarily exclude discovery of evidence that falls outside the rules.").

Here, the Defendant cites several cases in support of his position. *See* Def.'s Mem at 2-3. But none of those cases are binding on this court and, in any event, they are either wrongly decided or inapposite. To begin, the only case that the Defendant cites which supports his position that Rule 16 prohibits a district court from ordering expert disclosures—*United States v. Harwin,* 2021 WL 5707579 (M.D. Fla. Oct. 29, 2021)—is an unpublished district court opinion from the Middle District of Florida. That case held that ordering expert disclosures is impermissible because it is inconsistent with the language of Rule 16. But that decision misreads

Rule 16: Rule 16 automatically requires a defendant—without court intervention—to provide expert disclosures *if* the defendant requests and receives disclosures from the Government. Rule 16 does not state that such a scenario is the *only circumstance* under which a defendant can and should provide expert disclosures. Nor does the Rule state that a court may not set such pretrial deadlines where, in the court's discretion, it would be appropriate and necessary for an efficient and orderly trial. Indeed, the Advisory Committee Notes to the 1974 revision of Rule 16 explain that "[t]he rule is intended to prescribe *the minimum amount of discovery* to which the parties are entitled. *It is not intended to limit the judge's discretion to order broader discovery in appropriate cases.*" Advisory Committee Note to Rule 16, reprinted in 62 F.R.D. 271, 308 (1974) (emphasis added).

In short, Rule 16 sets the floor for a defendant's reciprocal discovery obligations, it does not hamstring a court's inherent power to impose additional reciprocal discovery requirements as warranted. Thus, the Court should adopt the more well-reasoned approach to Rule 16 outlined in *Schwier* and *Catalan Roman*.

The remaining cases the Defendant relies on are distinguishable. As an initial matter, *United States v. McVeigh*, 954 F. Supp. 1441 (D. Colo. 1997), concerned a defendant's request for the Court to intervene in a *Brady* dispute and did not concern the "government's attempt to impose discovery obligations on the defendant" as the Defendant contends in his memorandum. *See* Def.'s Mem. at 3. Similarly, *United States v. Dailey,* 155 F.R.D. 18 (D.R.I. 1994), also did not concern whether a district court could exercise its inherent authority to order expert disclosures consistent with Rule 16; rather, that case barred *a local rule* requiring automatic reciprocal discovery. And *United States v. Finley,* 2014 WL 3056022, (W.D. Pa. July 3, 2014), concerns a district court's authority to order a defendant to identify fact witnesses—*not expert witnesses*—before trial.

Moreover, as the Defendant notes in his memorandum, *Finley* largely based its reasoning on the Ninth Circuit's decision in *United States v. Hicks*. The Ninth Circuit, however, overruled *Hicks* in *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008), holding that a district court *could* order the Government to produce fact witness lists consistent with Rule 16's requirements. While *W.R. Grace* was limited to the Government's disclosure obligations, the Ninth Circuit's reasoning was rooted, in large part, on the principle that "nothing in Rule 16 expressly prohibits the district court from ordering additional pretrial discovery or disclosures." *Id.* at 511. The Government submits that this principle applies with equal force to the Court's authority to order the defendant to provide expert disclosures to avoid unnecessary mid-trial delay.

As a result, this Court should exercise its inherent authority and order expert disclosures to avoid mid-trial delays. Requiring the parties to exchange expert disclosure will enable the parties to brief—and the court to resolve—any *Daubert*

challenges pre-trial.  Given that such challenges are both foreseeable and complex, courts in the district routinely require the parties to litigate them before trial begins.  *See, e.g.*, *United States v. Rabbitt*, Crim. No. 23-320 (J. Shipp) (ordering the Government to provide of summary of its anticipated expert witness testimony nearly six months before trial and for the defendants to provide a summary of their anticipated expert witness testimony over three months before trial); *United States v. Andrews, et al.*, Crim. No. 20-578 (J. Arleo) (ordering the Government to provide of summary of its anticipated expert witness testimony nearly five months before trial and for the defendants to provide a summary of their anticipated expert witness testimony over three months before trial).

Resolving these issues in advance of trial is preferable given that they often require extensive briefing and argument which, if sprung in the middle of trial, may necessitate excusing the jury for an extended period.  For example, in *United States v. Schessel*, the Hon. Ester Salas, U.S.D.J., ordered the defendant to provide a summary of his anticipated expert witness testimony over three months before trial and the Government moved the exclude the Defendant's proposed expert.  *See* Crim. No. 22-374, Dkt. No. 214.  Over the course of one month, the parties exchanged *five rounds of briefing* before Judge Salas ultimately granted the Government's motion to exclude the Defendant's expert.  *Id.*, Dkt. Nos. 217, 227, 235, 236, 237.  If these issues were raised in the middle of trial, there would have been no choice but to excuse the jury while the parties engaged in extensive litigation and the Court decided the issue.

Here, the Defendant's approach risks upending the trial.  If the Defendant notices an expert witness during his case-in-chief, the Government will need to *voir dire* the witness outside the presence of the jury to explore the witness's qualifications and the relevance and reliability of any opinions offered.  To the extent that the Government believes that the expert is not qualified or is not offering relevant opinions, the Government will move to exclude that expert.  The Court would have to hear argument—perhaps concerning multiple issues—and consider whether to exclude some or all of the expert's testimony.  Moreover, depending on the type of expert testimony proffered, the Government may be entitled to discovery into the documents and methods underlying the expert's opinion, an opportunity to review those documents and methods, and perhaps to even call its own expert witness or witnesses to offer testimony as to whether the Defendant's experts' methods are reliable.  That process could needlessly delay the trial for weeks.  The Court can avoid that result by ordering pretrial expert disclosures.

- 5 -

In sum, the Court has inherent authority to order the Defendant to provide expert disclosures consistent with the minimum requirements outlined in Rule 16. As a result, the Government respectfully requests that the Court order the Defendant to disclose the reasons and bases for any expert opinions he intends to introduce at trial by December 13, 2024, the same date by which the Government is willing to make a reciprocal disclosure regarding its anticipated expert witness.

                                Respectfully submitted,

                                PHILIP R. SELLINGER
                                United States Attorney

                                *s/George L. Brandley*
                         By: George L. Brandley
                            Bernard J. Cooney
                            Assistant U.S. Attorneys

cc:    Dennis Kainen, Esq., *Counsel to defendant Matthew S. Ellis*